**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-1463**

———————

TIRSIT GIDEY,

                                                        Petitioner,

        versus

JOHN ASHCROFT, Attorney General,

                                                        Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals. (A78-602-706)

———————

Submitted: October 20, 2004          Decided: November 23, 2004

———————

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Caitlin A. Brazill, CATHOLIC CHARITIES IMMIGRATION LEGAL SERVICES,
Washington, D.C., for Petitioner.  Peter D. Keisler, Assistant
Attorney General, Linda S. Wendtland, Assistant Director, Ann
Carroll Varnon, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Tirsit Gidey, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals (Board) affirming, without opinion, the immigration judge's (IJ) denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

We will reverse the Board only if the evidence "'was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution.'" Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the administrative record and the immigration judge's decision and find substantial evidence supports the conclusion that Gidey failed to establish the past persecution or well-founded fear of future persecution necessary to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2004) (stating that the burden of proof is on the alien to establish eligibility for asylum); Elias-Zacarias, 502 U.S. at 483 (same).

Next, we uphold the Board's denial of Gidey's application for withholding of removal. The standard for withholding of removal is "more stringent than that for asylum eligibility." Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999). An applicant for withholding must demonstrate a clear probability of persecution. INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987). As Gidey failed

to establish refugee status, she cannot satisfy the higher standard necessary for withholding.

Furthermore, we conclude substantial evidence supports the IJ's determination that Gidey did not establish it was more likely than not that she would be tortured if removed to Ethiopia, see 8 C.F.R. § 208.16(c)(2) (2004), and thus, the IJ properly denied her petition for protection under the CAT.

Finally, Gidey's claim that the Board's use of the summary affirmance procedure under 8 C.F.R. § 1003.1(e)(4) (2004) violated her due process rights is foreclosed by our decision in Blanco de Belbruno v. Ashcroft, 362 F.3d 272 (4th Cir. 2004). In Blanco de Belbruno, we held that "the BIA's streamlining regulations do not violate an alien's rights to due process of law under the Fifth Amendment." Id. at 282-83.

Accordingly, we deny Gidey's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED